BROOKE, P.
The chancellor considered, that King executed the bonds in question, contemplating a liability to pay *one third of their amount at least; and Porterfield executed them contemplating a liability to pay one half their amount at least; therefore, however the facts might be, whether the bonds were delivered as escrows or not, they were liable in a court of equity, to the extent so contemplated by them, when they signed the bonds: in which I think he was intirely mistaken.
The appellants are bound, jointíy or separately, for the whole amounts of the debts injoined, or they are not bound to any amount. A surety is not bound in equity, unless he is bound at law. There must be two parties to a contract: unless the understanding of the appellants as to the extent of the demand against them, according to the chancellor’s view of their undertaking, was the understanding of the other par4y also, they are not bound by it, in law or equity. Had the allegations in the bill been proved in trials at law on special pleas of non est factum, the judgments must have been for the appellants, as to the whole amount of the bonds in question; and equity must follow the law.
The rest of the decree is also imperfect. The issue directed by the chancellor, is not as broad as it ought to ha,ve been: it ought to have been, to inquire whether the bonds in question were the deeds of the appellants, or not; as would have been the inquiry at law, on special pleas of non est factum. That I think the proper inquiry to be made, as I do not think the circumstances proved in evidence, though very strong, sufficient to justify a court of equity in decreeing against the positive testimony of one witness in support of the allegations of the bill, who is unimpeached.
The decrees are, therefore, reversed; the injunctions reinstated as to the whole amounts of the claims on the bonds; and the. causes remanded, for further proceedings to be had in both cases according to the principles here declared.